UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERONIMO ALVAREZ SANCHEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-03414 ADS<br><br>ORDER GRANTING PETITION IN PART |

## I. INTRODUCTION

Petitioner Jeronimo Alvarez Sanchez filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"), seeking immediate release from immigration detention. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 10.) Petitioner filed a Traverse in support of the Petition. (Dkt. No. 11.) Petitioner also filed a Supplement in support of the Petition. (Dkt. No. 12.)

## II. SUMMARY OF THE PETITION, ANSWER, AND TRAVERSE

Petitioner alleges he entered the United States without inspection. (Dkt. No. 1 at 4.)[1] Petitioner alleges he has lived in Southern California for over eight years. (Dkt. No. 1, Ex. 3.) Petitioner is currently married and has five children who are United States citizens. (Id.) Petitioner alleges he has a criminal history comprised of only one offense for driving without a license 20 years ago. (Id.) Petitioner alleges he was arrested by immigration authorities on May 29, 2026 without receiving a warrant and without individualized suspicion. (Id.) Petitioner alleges he was arrested because immigration officials were searching for another individual, encountered Petitioner by chance, and determined he was not lawfully in the United States. (Dkt. No. 1 at 4.) Petitioner alleges he continues to be detained without a meaningful bond hearing, despite being a member of the Bautista class. (Dkt. No. 1 at 3.) On June 16, 2026, the Immigration Judge denied Petitioner's bond based on the judge's claim of lack of jurisdiction pursuant to Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). (Dkt. No. 1, Ex. 5.) Petitioner alleges the following grounds for relief: (1) he was subject to a warrantless arrest and (2) he is entitled to a bond hearing as a member of the Bautista class. (Dkt. No. 1 at 5-8.) Petitioner requests immediate release from custody and an injunction ordering Respondents to not re-detain Petitioner without a pre-deprivation bond hearing. (Id. at 38.)

Respondents filed an Answer, which contests Petitioner's factual premise but agreed that Petitioner is a member of the Bautista class. (Dkt. No. 10 at 2.) Respondents argue Petitioner was arrested pursuant to an administrative warrant which was served when it

[1] All references are to the CM/ECF-generated pagination.

was issued. Respondent's documentation includes the arrest warrant dated May 29, 2026, and the I-213 reflecting Petitioner consensually admitted his alienage to immigration officials prior to his arrest. (Id. at 5, 11.) Respondents contend Petitioner's relief, if any, should be limited to a bond hearing, arguing that release is not an appropriate remedy for Petitioner's claims. (Id.) (Dkt. No. 10 at 2.)

Petitioner filed a Reply, which does not deny that an arrest warrant was provided on May 29, 2026 but argues the arrest warrant was improperly issued after Petitioner's arrest, and only after immigration officials were able to confirm Petitioner's alienage upon his detention. (Dkt. No. 11 at 3.) The Reply denies that Petitioner consensually admitted his alienage due to his unlawful seizure by immigration officials and argues that immediate release is warranted on the basis that Petitioner was unlawfully arrested without a warrant and because Petitioner was already unlawfully denied a bond hearing despite being a Bautista class member. (Dkt. No. 11 at 2.) Petitioner also filed a supplement to the Petition, which includes supplemental legal authority. (Dkt. No. 12.)

## III. DISCUSSION

### A. Ground One: Petitioner's Warrantless Arrest

Petitioner claims that he should be released because he was subject to an improper, warrantless arrest by immigration officials. "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a); see also Gonzalez v. United States Immigr. & Customs Enf't, 975 F.3d 788, 825 (9th Cir. 2020) ("Consistent with the Fourth Amendment, immigration authorities may arrest individuals for civil immigration removal purposes pursuant to an administrative arrest warrant issued by an executive official, rather than by a judge.") (citation omitted). An

arrest can be made "only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States." 8 C.F.R. § 287.8(c)(2)(i). A warrantless arrest is permissible when "the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii).

There is a dispute between the parties regarding whether Petitioner was properly arrested pursuant to an administrative warrant. Respondents have produced an arrest warrant which is dated May 25, 2026, the day of Petitioner's arrest. (Dkt. No. 10 at 5.) Petitioner contends that this warrant was improperly issued after his arrest and only after immigration officials were able to confirm his alienage upon his detention. (Dkt. No. 11 at 3.) On a petitioner for writ of habeas corpus, Petitioner bears the burden to establish he is entitled to relief. See Lambert v. Blodgett, 393 F.3d 943, 969 n.16 (9th Cir. 2004) (explaining that in "federal habeas proceedings, it is the petitioner who bears the burden of proving his case"). On this limited record, the Court is unable to make factual findings.

An evidentiary hearing may be able to resolve the factual dispute, however, the claim is not cognizable in a habeas corpus petition because the Ninth Circuit has held that "defects in an arrest are not cognizable in habeas corpus." Streeter v. Craven, 418 F.2d 273, 274 (9th Cir. 1969); Alvarez-Mendez v. Stock, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today."). As long as sufficient ground for present detention is shown, a petitioner cannot be released for defects in the original arrest. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) ("A writ of habeas

corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody. . ."); see also Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026) (holding an improper arrest did not justify a noncitizen's release because the noncitizen's present detention was authorized by 8 U.S.C. § 1226(a)); Medina v. Warden, No. 5:26-CV-05034-PA-SK, 2026 WL 2660007, at *1 n.1 (C.D. Cal. Sept. 8, 2026) ("Contrary to the claims in the current petition, the circumstances around petitioner's arrest alone are not enough to justify unconditional release from custody under § 2241.") (citing, among other cases, Wolck v. Weedin, 58 F.2d 928, 930 (9th Cir. 1932)).

Petitioner is a noncitizen whose present detention pending removal proceedings is authorized by 8 U.S.C. § 1226(a).[2] Accordingly, the circumstances of Petitioner's initial arrest alone do not provide a basis for relief because Petitioner's present detention is permissible. See Mendez, 2026 WL 2449572, at *3 (holding an improper arrest did not justify a noncitizen's release because the noncitizen's present detention was authorized by 8 U.S.C. § 1226(a)); see also Medina, 2026 WL 2660007, at *1 n.1 ("Contrary to the claims in the current petition, the circumstances around petitioner's arrest alone are not enough to justify unconditional release from custody under §

[2] Petitioner's argument that he is a Bautista class member is an acknowledgement that he is subject to detention under 8 U.S.C. § 1226(a). (Dkt. No. 1 at 7.) Bautista class members are noncitizens who entered the United States without inspection, were not apprehended upon arrival, are not subject to mandatory detention or a final order of removal, and are therefore entitled to a bond hearing because their present detention is governed by 8 U.S.C. § 1226(a). Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1104, 1127 (C.D. Cal. 2025), judgment entered sub nom., 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

2241.") (citing, among other cases, Wolck, 58 F.2d at 930). As the Court in Mendez clarified, this holding "is not to imply that an unlawful arrest is acceptable or condoned—it is only to recognize that release on habeas corpus is not ordinarily the correct remedy for such a defect." 2026 WL 2449572, at *3 (citations omitted); see also Monroy v. Mullin, No. 2:26-CV-02427-JHC, 2026 WL 2389536, at *1 (W.D. Wash. Aug. 17, 2026) ("While Petitioner cites cases from outside of this Circuit where courts have granted release for noncitizens detained following an unlawful arrest, this approach has not been adopted in this Circuit."). While an improper arrest may entitle Petitioner to remedies in removal proceedings or other causes of action, an improper arrest, where his current detention is lawful, is not a basis for Petitioner's release through the writ of habeas corpus. See Mendez, 2026 WL 2449572, at *3 n.2 (listing potential remedies resulting from an unlawful arrest). Ground one is denied.

B. Ground Two: *Bautista* Class Member

Petitioner also seeks release on the basis that he has been denied a bond hearing despite being a Bautista class member. Petitioner alleges he was arrested on May 29, 2026 and continues to be detained without a meaningful bond hearing because in his only bond hearing, held on June 16, 2026, the Immigration Judge denied Petitioner's bond based on the judge's claim of lack of jurisdiction. (Dkt. No. 1 at 3; Dkt. No. 1, Ex. 5.) This Petition was filed on June 20, 2026, 4 days later. Respondents agree that Petitioner is a Bautista class member. (Dkt. No. 10 at 2.) Respondents do not dispute Petitioner's contention that Petitioner's continued detention without a meaningful bond hearing violates due process.[3] However, Respondents argue release is not the proper

---

[3] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on

remedy, but rather, a bond hearing is the proper remedy. As such, the Court finds that as a Bautista class member, Petitioner is entitled to a meaningful bond hearing, which he has not received. Ground two is granted.

C. Remedy

The remaining question before the Court is the appropriate remedy for Respondents' failure to provide Petitioner with a meaningful bond hearing pursuant to Bautista. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." Lujan v. Garcia, 734 F.3d 917, 933 (9th Cir. 2013) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). Petitioner entered the United States without inspection and was subsequently detained by immigration officials on May 29, 2026. In Petitioner's only bond hearing, on June 16, 2026, the immigration judge denied Petitioner's bond based on a lack of jurisdiction, as opposed to considering the merits of Petitioner's risk of flight or danger. As a Bautista class member, Petitioner was entitled to a bond hearing under U.S.C. § 1226(a) which evaluated Petitioner's flight risk and danger to the community. See Bautista, 813 F. Supp. 3d at 1123 ("Where the DHS policy renders all of the Bond Eligible Class subject to mandatory detention under § 1225(b)(2), the putative class members have been deprived of their right to a bond hearing under § 1226(a)"); see also Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (concluding that "aliens present without

---

appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). There is no evidence that Petitioner appealed the decision of the immigration judge.

Because Petitioner should have received a prompt bond hearing upon immigration detention as a Bautista class member but did not receive one, the Court finds the appropriate remedy to be a bond hearing pursuant to 8 U.S.C. § 1226(a). See, e.g., Solano Gallardo v. Warden, Adelanto Det. Facility, No. 5:26-CV-00485-SSS-BFM, 2026 WL 483207, at *1 (C.D. Cal. Feb. 20, 2026) (finding a bond hearing to be the appropriate remedy when the petitioner was a Bautista class member who was denied a bond hearing); see also Hernandez v. Santacruz, No. 5:26-CV-00741-PD, 2026 WL 789942, at *1 (C.D. Cal. Mar. 12, 2026) (same); Aguilar v. Janecka, No. 5:26-CV-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar. 2, 2026) (same); see also Mendez v. Warden, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *2 (C.D. Cal. Aug. 20, 2026) (finding a bond hearing "is the remedy which courts—including in this district—have regularly ordered where, as here, the detainee was never previously released on bond or parole but was entitled to receive a detention hearing with an

///

///

///

///

///

///

///

immigration judge") (collecting cases).

## IV. ORDER

IT IS THEREFORE ORDERED that:

1) The Petition is granted in part;

2) Petitioner Jeronimo Alvarez Sanchez (A#246-561-308) must be provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order; and

3) Judgment be entered accordingly.

Dated: September 16, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge